# ATTACHMENT A

# FEDERAL TRADE COMMISSION
# NOTICE OF PENALTY OFFENSES
# CONCERNING MONEY-MAKING OPPORTUNITIES

The Federal Trade Commission has determined that the following practices used in the advertising or promotion of money-making opportunities are deceptive or unfair and are unlawful under Section 5(a)(1) of the Federal Trade Commission Act.

1. It is an unfair or deceptive trade practice to make false, misleading or deceptive representations concerning the profits or earnings that may be anticipated by a participant in a money-making opportunity (i.e., a person who has been accepted or hired for, has purchased, or otherwise is engaging in the money-making opportunity).[1] For example:

    a. It is an unfair or deceptive trade practice to misrepresent, explicitly or implicitly, that participants will be or are likely to be profitable (i.e., to earn or receive more income through the use of the money-making opportunity than the amount of any purchase price and expenses).[2]

    b. It is an unfair or deceptive trade practice to misrepresent, explicitly or implicitly, that a substantial number of participants have made or can make the represented profits or earnings.[3]

    c. It is an unfair or deceptive trade practice to represent, explicitly or implicitly, the earnings which may be secured by participants, when the representation is made

---

[1] *Macmillan, Inc., et al.*, 96 FTC 208, 232, 301-02, 325-29, 331 (1980); *Encyclopaedia Britannica, Inc., et al.*, 87 FTC 421, 450, 486-88, 505, 510, 531-32 (1976); *National Dynamics Corp.*, 82 FTC 488, 512-13, 543-44, 568 (1973), as modified at 85 FTC 1052, 1059-61 (1975); *Ger-Ro-Mar, Inc.*, 84 FTC 95, 113-14, 117-119, 123-125, 132-135, 138, 149-150, 160-162 (1974), affirmed in relevant part at 518 F.2d 33 (2d Cir. 1975), as modified at 86 FTC 841 (1975); *Holiday Magic*, 84 FTC 748, 948, 984, 1032-1034, 1065, 1069 (1974), as modified at 85 FTC 90 (1975); *Universal Credit Acceptance Corp.*, 82 FTC 570, 591-600, 633, 668-70 (1973); *Universal Elec. Corp.*, 78 FTC 265, 271-74, 294, 297 (1971); *Windsor Distrib. Co.*, 77 FTC 204, 212-17, 220-23 (1970); *Waltham Watch Co.*, 60 FTC 1692, 1703-05, 1710, 1724-25, 1727-28, 1730 (1962); *Abel Allan Goodman Trading As Weavers Guild*, 52 FTC 982, 984, 987-88, 991-92, 996-97 (1956), order affirmed 244 F.2d 584 (2d Cir. 1957); *Washington Mushroom Indus., Inc.*, 53 FTC 368, 370, 376, 379-80, 383-84, 386 (1956); *Von Schrader Mfg. Co.*, 33 FTC 58, 63-66 (1941).

[2] *Encyclopaedia Britannica*, 87 FTC 421, 450, 486-87, 505, 510, 531-32 (1976); *Ger-Ro-Mar*, 84 FTC 95, 113-14, 117-119, 123-125, 132-135, 138, 149-150, 160-162 (1974); *Universal Credit*, 82 FTC 570, 592-93, 595, 632-33, 668-70 (1973); *Universal Elec.*, 78 FTC 265, 271-74, 294-95, 297 (1971); *Waltham Watch*, 60 FTC 1692, 1703-05, 1710-11, 1716, 1724-25, 1727-28, 1730 (1962).

[3] *National Dynamics*, 82 FTC 488, 511-13, 543-44, 564, 568 (1973), as modified at 85 FTC 1052, 1059-61 (1975).

without knowledge, or with only limited knowledge, of the actual profits or earnings usually and ordinarily received by participants.[4]

    d. It is an unfair or deceptive trade practice to misrepresent, explicitly or implicitly, that participants will or are likely to earn any specific amount or percentage.[5]

    e. It is an unfair or deceptive trade practice to misrepresent, explicitly or implicitly, that the represented profits or earnings are the ordinary, typical, or average profits or earnings made by participants.[6] This includes by means of the representation of an earnings figure or the attribution of earnings figures to specific participants, both of which impliedly represent that such figures are likely, are earned by a substantial number of participants, or are the typical, ordinary, or average results, absent clear and conspicuous disclosure of the relevant context, such as the time and effort actually expended by participants who made the amount represented, the percentage of participants making the amount represented, and the amount typically and ordinarily made by participants.[7]

    f. It is an unfair or deceptive trade practice to misrepresent the profits or earnings that may be anticipated by a prospective participant by failing to disclose conditions or limitations affecting such income, such as expenses to be borne by the participant.[8]

2. It is an unfair or deceptive trade practice to misrepresent, explicitly or implicitly, that sales of a money-making opportunity will be made to only a limited number of prospective participants (including, for example, that sales will be made to only a limited number of prospective participants in a geographic region), when sales will be made to any person who is willing and able to pay.[9]

---

[4] *Von Schrader Mfg. Co.*, 33 FTC 58, 63-66 (1941).
[5] *Encyclopaedia Britannica*, 87 FTC 421, 450, 486-87, 505, 510, 531-32 (1976); *National Dynamics*, 82 FTC 488, 511-13, 543, 564, 568 (1973), as modified at 85 FTC 1052, 1059-61 (1975); *Holiday Magic*, 84 FTC 748, 948, 984, 1032-1034, 1065, 1069 (1974); *Universal Credit*, 82 FTC 570, 592, 594-95, 632-33, 668-70 (1973); *Universal Elec.*, 78 FTC 265, 272-74, 294, 297 (1971); *Windsor*, 77 FTC 204, 214-17, 220-21, 223 (1970).
[6] *Macmillan*, 96 FTC 208, 232, 235-36, 245-46, 254-55, 301-02, 325-29, 331 (1980); *National Dynamics*, 82 FTC 488, 511-13, 543-44, 564, 568 (1973), as modified at 85 FTC 1052, 1059 (1975); *Abel Allan Goodman*, 52 FTC 982, 984, 987-88, 991-92, 996-97 (1956), order affirmed 244 F.2d 584 (2d Cir. 1957); *Washington Mushroom*, 53 FTC 368, 370, 376, 379-380, 383-84, 386 (1956); *Von Schrader*, 33 FTC 58, 63-66 (1941).
[7] *Macmillan*, 96 FTC 208, 232, 301-02, 326-29, 331 (1980); *National Dynamics*, 82 FTC 488, 511-13, 543-44, 563-64, 568 (1973), as modified at 85 FTC 1052, 1059-61 (1975).
[8] *Encyclopaedia Britannica*, 87 FTC 421, 445-50, 486-87, 505, 510, 531-32 (1976).
[9] *Universal Elec.*, 78 FTC 265, 273-74, 295-97 (1971); *Windsor*, 77 FTC 204, 213, 215-17, 220-21, 223 (1970); *Waltham Watch*, 60 FTC 1692, 1704-05, 1710-11, 1723, 1725, 1727-28, 1730 (1962); *Washington Mushroom*, 53 FTC 368, 370-71, 379-380, 386 (1956).

3. It is an unfair or deceptive trade practice to misrepresent, explicitly or implicitly, that prospective participants will be screened or evaluated for suitability to use or benefit from the money-making opportunity.[10]

4. It is an unfair or deceptive trade practice to misrepresent, explicitly or implicitly, that participants do not need experience in order to earn income.[11]

5. It is an unfair or deceptive trade practice to misrepresent, explicitly or implicitly, that a prospective participant must act immediately to purchase or to be considered for a money-making opportunity.[12]

6. It is an unfair or deceptive trade practice to misrepresent, explicitly or implicitly, that purchasing a money-making opportunity is risk-free or involves little risk.[13]

7. It is an unfair or deceptive trade practice to misrepresent, explicitly or implicitly, the position being offered to prospective participants in a money-making opportunity, such as by failing to disclose that it is a sales position when such is the case.[14]

8. It is an unfair or deceptive trade practice to misrepresent, explicitly or implicitly, the amount or type of training that will be given to participants in a money-making opportunity.[15]

---

[10] *Macmillan*, 96 FTC 208, 272-73, 320, 327, 331 (1980); *Universal Credit*, 82 FTC 570, 608-09, 633, 637, 668, 673 (1973); *Windsor*, 77 FTC 204, 213, 215, 217, 220-21, 223 (1970); *Waltham Watch*, 60 FTC 1692, 1704-05, 1710-11, 1725, 1727-28, 1730 (1962).
[11] *Universal Elec.*, 78 FTC 265, 272-74, 295, 297 (1971); *Washington Mushroom*, 53 FTC 368, 370-71, 378-80, 386 (1956).
[12] *Universal Credit*, 82 FTC 570, 610, 632-33, 637-38, 668, 673 (1973).
[13] *Universal Credit*, 82 FTC 570, 594, 611-12, 633, 638, 668, 673 (1973).
[14] *Encyclopaedia Britannica*, 87 FTC 421, 486-88, 505, 510, 531 (1976).
[15] *Encyclopaedia Britannica*, 87 FTC 421, 486-88, 505, 509-10, 531-32 (1976).

## Notice of Penalty Offenses Concerning Deceptive or Unfair Conduct around Endorsements and Testimonials

The Federal Trade Commission has determined that the following acts or practices in the use of endorsements and testimonials are deceptive or unfair and are unlawful under Section 5 of the Federal Trade Commission Act.

- It is an unfair or deceptive trade practice to make claims which represent, expressly or by implication, that a third party has endorsed a product or its performance when such third party has not in fact endorsed such product or its performance.[1]

- It is an unfair or deceptive trade practice for an advertiser to misrepresent that an endorsement represents the experience, views, or opinions of users or purported users of the product.[2]

- It is an unfair or deceptive trade practice to misrepresent an endorser as an actual user, a current user, or a recent user of a product or service.[3]

- It is an unfair or deceptive trade practice for an advertiser to continue to advertise an endorsement unless the advertiser has good reason to believe that the endorser continues to subscribe to the views presented in the endorsement.[4]

- It is an unfair or deceptive trade practice for an advertiser to use testimonials to make unsubstantiated or otherwise deceptive performance claims even if such testimonials are genuine.[5]

- It is an unfair or deceptive trade practice to fail to disclose a connection between an endorser and the seller of an advertised product or service, if such a connection might materially affect the weight or credibility of the endorsement and if the connection would not be reasonably expected by consumers.[6]

- It is an unfair or deceptive trade practice to misrepresent explicitly or implicitly through the use of testimonials that the experience described by endorsers of a product or service represents the typical or ordinary experience of users of the product or service.[7]

---

[1] *Mytinger & Casselberry, Inc.*, 57 F.T.C. 717 (1960); *Ar-Ex Cosms., Inc.*, 48 F.T.C. 800 (1952); *A. P. W. Paper Co., Inc.*, 38 F.T.C. 1 (1944); *Wilbert W. Haase Co., Inc.*, 33 F.T.C. 662 (1941).
[2] *R. J. Reynolds Tobacco Co.*, 46 F.T.C. 706 (1950).
[3] *Id.*; *Cliffdale Assocs., Inc.*, 103 F.T.C. 110 (1984).
[4] *Nat'l Dynamics Corp.*, 82 F.T.C. 488 (1973).
[5] *Cliffdale Assocs., Inc.*, 103 F.T.C. 110; *Macmillan, Inc.*, 96 F.T.C. 208 (1980); *Porter & Dietsch, Inc.*, 90 F.T.C. 770 (1977), *aff'd*, 605 F.2d 294 (7th Cir. 1979).
[6] *Cliffdale Assocs., Inc.*, 103 F.T.C. 110.
[7] *Id.*; *Porter & Dietsch, Inc.*, 90 F.T.C. 770; *Nat'l Dynamics Corp.*, 82 F.T.C. 488 (1973), *modified at* 85 F.T.C. 1052 (1975).